# STATE OF MICHIGAN

# COURT OF APPEALS

HIMA BINDU KOLANAGIREDDY,

      Plaintiff-Appellee,

v

SRINIVAS BIKKI,

      Defendant-Appellant.

UNPUBLISHED
May 10, 2016


No. 326436
Oakland Circuit Court
LC No. 2013-814680-DM

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order finding him guilty of criminal contempt for willfully violating an order of the court in a pending divorce case against plaintiff. We affirm.

Plaintiff and defendant run several businesses, together and separately, in the United States and in India. The couple had significant marital assets. On June 4, 2014, approximately six months after filing for divorce from defendant, plaintiff filed a motion seeking a restraining order protecting the marital estate including their financial assets and property. Plaintiff alleged that defendant made several large money transfers from the couple's personal and business bank accounts. After a hearing on the matter, the trial court granted plaintiff's motion and issued a mutual restraining order, stating in pertinent part: "The parties are restrained from transferring, withdrawing, dissipating, selling, hiding, concealing, or alienating any of the parties' assets including, but not limited to: bank accounts, business assets, real estate, or any other asset in the United States or outside of the Unites States (including India) . . . [o]ther than in the normal course of business."

The divorce litigation progressed. On January 7, 2015, plaintiff filed a motion to hold defendant in contempt for violating the mutual restraining order by sending a letter dated December 16, 2014, to the State Bank of Hyderabad in India, which managed the account plaintiff used to pay her employees, directing it to stop "any kind of outgoing transaction" because defendant suspected fraud on the account. Plaintiff alleged that, as a result of defendant's letter, plaintiff's bank froze the account and she was unable to continue regular business activities including paying her employees and payroll taxes in India. Plaintiff asserted that defendant was not a signer on the account and that defendant's letter was a direct violation of the mutual restraining order.

-1-

Trial in the divorce action began on January 20, 2015. Early on, the trial court addressed plaintiff's contempt motion. The trial court informed defendant that he would need a criminal defense attorney because he was facing jail time. The trial court stated it would appoint a criminal defense attorney for defendant and continued plaintiff's contempt motion until the following day to allow defendant time to confer with his attorney.

The following day defendant's criminal defense counsel argued that the trial court should not find defendant in contempt of court because he did not violate the terms of the mutual restraining order. Defense counsel acknowledged that defendant sent the email to the bank and that defendant was not a signer on the bank account, but stated that defendant wanted an audit on the account because he suspected fraud. During the hearing the trial court questioned defendant under oath. Defendant admitted sending the email to the State Bank of Hyderabad and also admitted that he knew his wife was paying salaries out of the account. Defendant stated that he also has an interest in the business and asserted that if something went wrong with the business he would also be responsible in India. Defendant testified that he did not believe that the mutual restraining order applied to that account because plaintiff's mother was also operating the account. The trial court stated that it was evident the mutual restraining order applied to any account in which plaintiff or defendant had an interest, and noted that the bank account could have been audited through the discovery process.

Defense counsel argued that defendant did not violate the plain language of the mutual restraining order because the act of sending the email to the bank did not transfer, withdraw, dissipate, sell, hide, conceal, or alienate any money. The trial court disagreed, finding that the act of sending the email caused the bank to block plaintiff's account, disrupting plaintiff's ability to run her business, which met the definition of alienating. The trial court entered an order finding defendant in contempt of court and sentencing him to five days in jail. Defendant now appeals as of right.

Defendant first argues that the trial court abused its discretion in finding him in criminal contempt. We disagree.

"The issuance of an order of contempt rests in the sound discretion of the trial court and is reviewed only for an abuse of discretion." *In re Contempt of Henry*, 282 Mich App 656, 671; 765 NW2d 44 (2009). A trial court has not abused its discretion when its decision is within the range of principled outcomes. *Id*. This Court "review[s] a trial court's findings in a contempt proceeding for clear error, and such findings must be affirmed if there is competent evidence to support them." *In re Kabanuk*, 295 Mich App 252, 256; 813 NW2d 348 (2012).

Defendant raises a host of arguments that essentially challenge the sufficiency of the evidence. "Contempt of court is a wilful act, omission, or statement that tends to impair the authority or impede the functioning of a court." *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995). The primary purpose of a court's contempt power "is to preserve the effectiveness and sustain the power of the courts." *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 708; 624 NW2d 443 (2000). This power should be applied "judiciously and only when the contempt is clearly and unequivocally shown." *Id*. An act of criminal contempt can be direct or indirect. *Id.* at 712. Direct contempt occurs in the court's presence and the court can impose sanctions immediately. *Id.* Indirect contempt occurs outside

of the court's presence, so the court must hold a hearing and follow the procedures outlined in MCR 3.606, according the contemnor "some measure of due process" before imposing sanctions. *Id*. at 712-713. MCL 600.1711(2) further provides:

> When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend.

Criminal contempt must be proven beyond a reasonable doubt. *DeGeorge v Warheit*, 276 Mich App 587, 592; 741 NW2d 384 (2007).

The alleged contempt in this case was indirect because it occurred outside the presence of the trial judge. The trial court concluded that defendant willfully disregarded the mutual restraining order when he sent the email at issue. Indeed, "[a]n essential element of the crime of criminal contempt is that the defendant acted culpably, in wilful disregard or disobedience of the authority or orders of the court." *People v Kurz*, 35 Mich App 643, 652; 192 NW2d 594 (1971) (internal quotations and citation omitted). "When utilized in a criminal context, the term 'willfully' has been variously defined in the caselaw as meaning and embodying evil intent, guilty knowledge, or a bad purpose, and it indicates a purpose and knowledge to do wrong." *People v Waterstone*, 296 Mich App 121, 138; 818 NW2d 432 (2012). And, here, the trial court found beyond a reasonable doubt that defendant willfully sent the email to the State Bank of Hyderabad in India directing it to freeze the bank account with the specific intent of interfering with plaintiff's business in direct violation of the trial court's earlier mutual restraining order. The trial court rejected defendant's claims that he only sent the email because he was concerned there was fraud on the bank account and he was only trying to protect the marital asset.

On appeal, defendant offers the same argument to challenge to the trial court's finding. We conclude that there was competent evidence to support the trial court's conclusion. Defendant admitted sending the email at issue to the State Bank of Hyderabad. While he claimed that the act was to protect the account because he believed there was fraud on the account, there was sufficient contradictory evidence to establish that defendant was actually attempting to interfere with his wife's business interests in the middle of a divorce action. For instance, while defendant may have had an interest in this bank account, there was evidence that plaintiff ran her business out of this account, specifically that she used it to pay her employees each month. When defendant had the account frozen, plaintiff provided evidence to the trial court that she was forced to use personal funds to make payroll. Moreover, there was evidence that defendant was not a signer on the account and could not access funds. Finally, as the trial court observed, if defendant had truly been concerned about fraud on the account he could have brought his concerns to his attorney and used the discovery process to seek an accounting of the bank account. Accordingly, the trial court did not clearly err in finding that defendant willfully violated the mutual restraining order when he sent the email and did not abuse its discretion in holding him in contempt because of this violation. See *In re Kabanuk*, 295 Mich App at 256; *In re Contempt of Henry*, 282 Mich App at 671. With respect to defendant's attack on plaintiff's credibility, we note that the trial court was in the best position to assess the parties' credibility, and we will not second-guess its findings. See *In re Kabanuk*, 295 Mich App at 256.

Next, defendant argues that the trial court abused its discretion when it failed to follow the procedures required in a criminal contempt proceeding and violated his due process rights. We disagree. While this Court reviews for an abuse of discretion a trial court's decision to hold an individual in contempt, we review de novo questions of law. *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 714.

Punishment for contempt committed outside the presence of the court may not be imposed until proof of the facts charged has been made at a hearing before the judge who presided over the proceedings in the context of which the indirect contumacious conduct occurred and the defendant has been afforded an opportunity to present a defense. MCL 600.1711(2); *In re Contempt of Henry*, 282 Mich App at 675. "Although criminal contempt is really only a 'quasi-crime,'" *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 713 (citation omitted), a defendant is entitled to "some, but not all, of the due process safeguards of an ordinary criminal trial[,]" *In re Contempt of Dougherty*, 429 Mich 81, 91; 413 NW2d 392 (1987). For instance, a defendant is entitled to be notified of the fact that the proceedings are criminal in nature, as well as the specific charges against him, and is afforded the right to counsel. *DeGeorge*, 276 Mich App at 592. A defendant is also entitled to the presumption of innocence, the protection against compelled self-incrimination, the right to prepare and present a defense, and the right to be convicted only upon evidence establishing, beyond a reasonable doubt, that he willfully disregarded or disobeyed a trial court's order. *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 713-714.

In this case, the contempt charged, i.e., violating the mutual restraining order, was committed outside the presence of the court. Defendant was informed of the contempt allegations in plaintiff's motion to hold him in contempt for violating the mutual restraining order. Plaintiff attached a copy of the email defendant sent to the State Bank of Hyderabad and evidence that plaintiff paid payroll out of the account at issue. Although plaintiff's motion did not specify the kind of contempt proceeding to which defendant was being subjected, the record reveals that the trial court expressly informed defendant three times that he needed a criminal defense attorney. The trial court also informed defendant twice that he could be facing jail time as a result of the contempt proceedings. Because defendant chose to represent himself in the divorce proceedings, the trial court appointed a criminal defense attorney to represent defendant in the contempt proceedings. The trial court also continued the contempt proceedings until the following day so defendant would have an opportunity to consult with his criminal defense counsel. Though the contempt proceedings were placed on the civil docket and plaintiff's motion did not specify criminal contempt allegations, defendant could not have reasonably expected that the proceedings were civil rather than criminal after the trial court informed him that he needed a criminal defense attorney and appointed one for him. Nonetheless, any error in this regard was harmless. The relevant inquiry is whether the proceedings sufficiently protected defendant's due process rights. *Id*. at 716. We conclude that the due process requirements of criminal contempt were met in this case.

Plaintiff filed her motion on January 7, 2015, and the hearing was held 14 days later on January 21, 2015. Defendant had ample time to review the evidence presented against him. As noted, the trial court appointed defendant a criminal defense attorney, and continued the hearing for a day in order to give defendant time to confer with his attorney and prepare a defense. At the hearing, defense counsel argued the plain language of the mutual restraining order, asserting

that defendant had not violated any of the terms in the order when he sent the email to the State Bank of Hyderabad. In particular, defense counsel argued vigorously that defendant did not "alienate" any marital assets when he sent the email and instead was merely seeking an audit of the account because he believed there was fraud on the account. The trial court placed defendant under oath and he offered testimony in his own defense. However, the trial court did not credit defendant's testimony and ruled that defendant violated the terms of the mutual restraining order. The record reveals that defendant had notice of the contempt charges, he had time to review the evidence presented against him, he was represented by a criminal defense attorney, he had time to prepare a defense, and he testified on his own behalf at the hearing. There was sufficient evidence that defendant was guilty of contempt, and there is nothing in the record that establishes that error occurred with regard to defendant's due process rights. See *id*. at 714.

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause